# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **LADERICK JOHNSON** | **CIVIL ACTION NO. 17-939-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN JEFF LANDRY** | **MAGISTRATE JUDGE HORNSBY** |

# MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Laderick Johnson ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on July 20, 2017. Petitioner is incarcerated at the Richwood Correctional Center in Monroe, Louisiana. He challenges his state court conviction and sentence. He names Warden Jeff Landry as respondent.

On October 21, 2014, Petitioner was convicted of armed robbery in the Louisiana First Judicial District Court, Parish of Caddo. On December 1, 2014, he was sentenced to 15 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel because of a juror conflict, (2) the trial court denied his motion to suppress the indent procedure, and (3) the trial court closed his case before ruling on his motion for new trial.

Petitioner fails to demonstrate that he has exhausted state court remedies with respect to the claims presented herein. In order to satisfy the exhaustion requirement, the

claims must be presented to the state's highest court, even when review by that court is discretionary. Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998) citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999). In Louisiana, the highest court is the Supreme Court of Louisiana. Petitioner fails to demonstrate that he presented the claims that he presents herein to the Supreme Court of Louisiana. Therefore, Petitioner should be required to submit documentary proof that he has exhausted state court remedies on the claims presented herein. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir.1997). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

---

[1] 1§2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
**(A) the applicant has exhausted the remedies available in the courts of the State;**

Furthermore, Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).

From the information provided in the petition, it appears this petition is untimely because it was filed more than one year after Petitioner's conviction and sentence became final. Nevertheless, review of this petition may still be proper if the claims asserted herein fall within one of three statutory exceptions found in 28 U.S.C. §2244(d)(1)(B),(C), or (D). The time for filing federal habeas relief on claims which fall within these exceptions can, in appropriate cases, be extended beyond the one year period after conviction becomes final. These exceptions apply (1) if the state imposes an unconstitutional impediment to the filing of a federal habeas petition, (2) if the Supreme Court recognizes a new constitutional right and makes the right retroactive to cases on collateral review, or (3) if the petitioner is unable through the exercise of due diligence to discover the factual predicate of the petitioner's federal habeas claim. See 28 U.S.C. §2244(d)(1)(B)(C) and (D); Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998).

Accordingly,

**IT IS ORDERED** that Petitioner submit within thirty (30) days after service of this order, a copy of the legal memorandum he filed at each level of the state courts and the response he received from each state court in order to demonstrate that he has presented the issues he raises herein to the Supreme Court of Louisiana.

**IT IS FURTHER ORDERED** that Petitioner submit to the Clerk of Court within (30) days after service of this order, a response hereto setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1). This response shall set forth the date on which each application for direct review and each application for post-conviction relief was filed at each level of the state courts and the dates on which each level of the state courts responded to his application(s).

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 20th day of February 2018.

Mark L. Hornsby
U.S. Magistrate Judge